**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **GRACIE LANE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:04-01242** |
| | ) | |
| **PRIMA MARKETING LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendant's Motion to Show Cause for Contempt Against Dennie S. Morgan, Jr., Former Counsel for Plaintiff, and For Award of Damages (Doc. No. 62.), filed by counsel, Jane E. Harkins, on August 16, 2007. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.) Based on the evidence of record, the undersigned makes the following findings of fact and recommendation.

**FINDINGS OF FACT**

1. On October 21, 2004, Plaintiff, Gracie Lane, by counsel, Dennie S. Morgan, Jr., filed a Complaint in the Circuit Court of Wyoming County for damages for personal injuries sustained from a slip and fall on the premises of property owned or maintained by Defendant, Prima Marketing, LLC, doing business as Prima 7-Eleven, in Pineville, Wyoming County, West Virginia. Plaintiff filed an Amended Complaint on November 1, 2004. (Doc. No. 1 at 4-9.)

2. On November 19, 2004, Defendant Prima Marketing LLC, doing business as Prima 7-Eleven, by counsel, Jane E. Harkins of Brown & Levicoff, Beckley, West Virginia, removed the

action to this Court on the basis of diversity jurisdiction, as authorized by 28 U.S.C. § 1332(a). (Doc. No. 1 at 1-3.)

3. On December 15, 2004, Defendant served on Plaintiff its First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 6.)

4. The Court entered a Scheduling Order in this matter on February 7, 2005, which, *inter alia*, established a deadline for the completion of discovery on December 1, 2005. (Doc. No. 11.)

5. Plaintiff did not respond to Defendant's First Set of Interrogatories and Requests for Production of Documents, and therefore, Defendant filed on February 7, 2005, its Motion to Compel. (Doc. No. 10.) Defendant's Motion sought to compel Plaintiff's responses to its discovery requests and sanctions for costs and fees incurred in the filing of the Motion. (Id.) Plaintiff did not respond to the Motion to Compel.

6. By Order entered on April 6, 2005, the Court granted Defendant's Motion to Compel and directed Plaintiff to respond to Defendant's first set of discovery requests by April 19, 2005. (Doc. No. 13.) The Court denied Defendant's request for costs and fees in connection with the Motion to Compel due to Claimant's improper attempt to resolve the discovery dispute pursuant to Local Rule of Civil Procedure 3.07(b) via email. (Id. at 2.) The Court noted that pursuant to L. R. Civ. P. 3.07(b), an attempt to resolve a discovery dispute shall be made "in person or by telephone.", and that an email was not an appropriate method by which to attempt to resolve the discovery dispute in this Court. (Id. at 1.)

7. On April 27, 2005, Defendant filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2), due to Plaintiff's failure to cooperate in discovery and to comply with the Court's Order of April 6, 2005. (Doc. No. 14.) Plaintiff did not respond to the Motion for Sanctions.

2

8. Defendant filed another Motion to Compel on May 6, 2005, seeking to compel Plaintiff's initial disclosures pursuant to Rule 26(a)(1). (Doc. No. 18.) Plaintiff did not respond to the Motion to Compel.

9. By Order entered on June 7, 2005, the undersigned found Plaintiff's counsel, Dennie S. Morgan, Jr., Esquire, in violation of the Court's Order entered on April 6, 2005 (Doc. No. 13.), which granted Defendant's Motion to Compel and ordered Plaintiff to provide responses to Defendant's first set of discovery requests by no later than April 19, 2005. (Doc. No. 19.) The undersigned observed that the docket sheets did not reflect that such responses were ever served. (Id. at 1.) The undersigned therefore, scheduled a hearing on Defendant's Motion for Sanctions (Doc. No. 14.) and Motion to Compel (Doc. No. 18.) on Tuesday, June 21, 2005, at 11:30 a.m., in Beckley. (Doc. No. 19.) The Order directed that Plaintiff and her counsel, Dennie S. Morgan, Jr., Esq., appear in person at the hearing. (Id. at 2.)

10. On June 20, 2005, a Certificate of Service was filed with the Court indicating that Plaintiff served responses to Defendant's First Set of Interrogatories and Requests for Production of Documents. (Doc. No. 20.) Plaintiff also filed along with the Certificate of Service, her actual discovery responses. (Id.)

11. A hearing on Defendant's Motion for Sanctions (Doc. No. 14.) and Motion to Compel (Doc. No. 18.) was held before the undersigned on June 21, 2005. (Doc. No. 21.) Despite the Court's Order of June 7, 2005 (Doc. No. 19.), directing both Plaintiff Gracie Lane and her attorney to appear in person for the hearing, neither appeared; however, Mr. Morgan was allowed to participate by telephone after being contacted by the Court. (Doc. No. 22.)

12. Counsel for the Defendant, Ms. Harkins, indicated at the hearing that although the

3

discovery responses submitted to the Court on June 20, 2005, contained a Verification Statement, the responses that she received were not verified. (Doc. No. 22 at 2.) Mr. Morgan acknowledged at the hearing that an award of attorney fees and costs is mandatory when a Motion to Compel is granted under Rule 37 of the Federal Rules of Civil Procedure. (Id.)

13. By Order entered on June 23, 2005 (Doc. No. 22.), the Court granted Defendant's Motion to Compel Plaintiff's Initial Disclosures (Doc. No. 18.) and Motion for Sanctions (Doc. No. 14.). Regarding the Motion to Compel, the Court ordered that "Plaintiff shall submit her initial disclosures pursuant to Rule 26(a)(1) to counsel for Defendant by no later than June 28, 2005." (Doc. No. 22 at 2.) Regarding the discovery responses already served, the Court further ordered that "Plaintiff shall, by no later than June 28 2005, make certain that a Verification by Plaintiff is made and submitted to counsel for Defendant." (Id.) With regard to the Motion for Sanctions, the Court declared that "Defendant will be awarded its attorney fees and costs associated with the relevant Motions." (Id.)  Counsel for Defendant was ordered to submit by June 28, 2005, for filing, an itemized statement of reasonable fees and costs associated with bringing the Motions to Compel and for Sanctions. (Id.) The Order further advised Plaintiff that she may respond to Defendant's statement by July 1, 2005, "and if she wishes, attempt to demonstrate to the Court why an award of fees and expenses would be unjust with regard to the Motion to Compel or that the failure to make initial disclosures was substantially justified." (Id. at 2-3.)

14. Pursuant to the Court's June 23, 2005, Order, counsel for Defendant filed on June 28, 2005, her Itemized Statement of Expenses and Fees. (Doc. No. 23.) Plaintiff did not respond to Defendant's Statement.

15. By Order entered on July 20, 2005, the Court awarded Defendant costs and fees in the

4

amount of $1,237.50, and ordered Plaintiff's counsel "to pay to Defendant the sum of $1,237.50 promptly upon receipt of this Order as a sanction for prior omissions." (Doc. No. 24.)

16. In the Order entered on July 20, 2005 (Doc. No. 24.), the Court noted that it was not evident from the record that Plaintiff had submitted her initial disclosures pursuant to Rule 26(a)(1) as the Court required in its Order of June 23, 2005. (Doc. No. 22.) The Court therefore, urged "Plaintiff and her attorney to come into compliance with the Rules of Federal Procedure and this Court's Orders immediately and to comply fully with them in the future." (Doc. No. 24 at 1-2.) The Court cautioned Plaintiff and her counsel that failure to comply with the Rules and the Orders of the Court could "result in [the] imposition of further sanctions including the undersigned's recommendation of dismissal of this case." (Id. at 2.)

17. A Revised Scheduling Order was entered in this matter on October 26, 2005, by then Chief United States District Court Judge David A. Faber. (Doc. No. 25.)

18. On January 11, 2006, Defendant filed its Motions for Relief Pursuant to Federal Rule of Civil Procedure 37(b)(2), (c)(1) and (d), or in the Alternative, Motion for Continuance. (Doc. No. 27.),

19. On January 11, 2006, Defendant also filed a Motion for Expedited Hearing (Doc. No. 29.) due to Plaintiff's failure to provide complete responses to discovery requests, a Verification Statement for previously filed responses, and her initial disclosures pursuant to Rule 26(a)(1), and due to Plaintiff's counsel's failure to make payment of the sanctions awarded by Order entered on July 20, 2005. (Doc. Nos. 27, 29.)

20. By Order entered on January 30, 2006, the Court granted Defendant's Motion for Expedited Hearing (Doc. No. 29.) and scheduled a hearing on Defendant's Motions and a status

conference on February 13, 2006, at 3:00 p.m., in Beckley. (Doc. No. 31.) The Order required Plaintiff's appearance, as well as her counsel's appearance, at the hearing, in addition to the appearance of counsel for Defendant. (Id.)

21. By Order entered February 13, 2006, the hearing and status conference was rescheduled to February 16, 2006, at 4:30 p.m., in Beckley. (Doc. No. 32.)

22. The Court conducted a status conference and hearing on Defendant's Motions on February 16, 2006. (Doc. No. 33.) Plaintiff appeared at the hearing in person and by counsel, Dennie S. Morgan, Jr., Esq., and the Defendant appeared by counsel, Jane E. Harkins, Esq. At the hearing, the Court directed Mr. Morgan to pay the previously imposed sanctions of $1,237.50, to Defendant, by no later than February 24, 2006. (Doc. No. 59.) The Court also directed Plaintiff to provide all discovery responses and verifications, together with her initial disclosures pursuant to Rule 26(a)(1) by February 24, 2006. (Id.) With regard to Defendant's Motion for Sanctions filed on January 11, 2006, the Court orally granted the Motion and directed Defendant to submit an itemized statement of its fees and costs associated with bringing the Motion. (Id.)

23. On March 2, 2006, Paul R. Cassell, Esq., filed a Notice of Appearance on behalf of Plaintiff and a Motion to Continue. (Doc. Nos. 34-36.)

24. A Revised Scheduling Order was entered by the Court on March 6, 2006 (Doc. No. 37.), pursuant to Defendant's Motion for Continuance filed on March 2, 2006. (Doc. No. 36.)

25. On March 8, 2006, counsel for Defendant filed her Second Itemized Statement of Expenses and Fees as directed by the Court on February 16, 2006. (Doc. No. 38.)

26. On March 24, 2006, Mr. Morgan filed a Notice of Withdrawal as Plaintiff's Counsel. (Doc. No. 39.)

27. Plaintiff's Rule 26(a)(1) initial disclosures and discovery responses were submitted by Mr. Cassell on March 29 and 30, 2006. (Doc. Nos. 41-42.)

28. By Order entered July 10, 2006, District Judge Thomas E. Johnston granted Mr. Morgan's request for leave to withdraw as Plaintiff's counsel but directed that he appear before the undersigned on August 15, 2006, at 2:00 p.m., in Beckley, to determine the total fine owing and to show cause why he should not be held in contempt of Court for failing to comply with the Court's prior Orders. (Doc. No. 51.)

29. Mr. Morgan appeared before the undersigned on August 15, 2006, along with Ms. Harkins. (Doc. No. 56.) At the hearing, Mr. Morgan acknowledged his obligation to hold himself amenable to the Orders of this Court. Mr. Morgan asserted that on August 10, 2006, he paid to Defendant the sum of $1,238.00, representing the amount of the sanctions imposed on July 20, 2005. Ms. Harkins confirmed that the sanctions were paid. The Court thus finds that Mr. Morgan purged the circumstances requiring the Court to consider whether he was in contempt of Court. With regard to assessing further costs and fees pursuant to Defendant's Motion for Sanctions filed January 11, 2006, Mr. Morgan asserted that he had no objection to Defendant's Second Itemized Statement of Expenses and Fees. (Doc. No. 59.)

30. The Court, having been advised that this civil action was compromised and settled, dismissed this case by Order entered August 16, 2006. (Doc. No. 57.)

31. On August 23, 2006, Defendant filed a Request/Motion for Clarification Upon Order of Dismissal. (Doc. No. 58.) In the Motion, Defendant requested that the Order of dismissal be clarified to reflect the ongoing consideration of a further award of sanctions against Mr. Morgan. (Id.)

32. By Order entered on October 5, 2006 (Doc. No. 59.), the Court granted Defendant's

Motion for Clarification (Doc. No. 58.), as well as Defendant's counsel's Motion for Sanctions (Doc. No. 27.) The Court further ordered Mr. Morgan to pay to counsel for Defendant the sum of $1,075.00, for work performed in connection with the successful Motions to Compel in this case. (Doc. No. 59 at 5-6.) The Court gave Mr. Morgan the option either to pay the sum of $1,075.00 to counsel for Defendant or make arrangements for payment with counsel for Defendant by October 19, 2006. (Id.) Counsel for Defendant was requested to notify the Court of receipt of full payment. (Id. at 6.)

33. By correspondence from Ms. Harkins dated January 2, 2007, the Court was made aware that Ms. Harkins had neither received any payment in any sum nor entertained any effort to arrange payment by that date. (Doc. No. 62 at 4, ¶ 5 and Exhibit 1.) A copy of Ms. Harkins' correspondence was served on Mr. Morgan by certified mail, return receipt requested. (Id.) The return receipt indicated that delivery was accepted on January 4, 2007, by B.A. Vaughn. (Id.; Exhibit 2.)

34. Mr. Morgan did not respond to Ms. Harkins' letter either to her, or to the Court. (Doc. No. 62 at 4, ¶ 6.)

35. By Order entered on April 23, 2007, the Court directed Mr. Morgan and Ms. Harkins to appear for a hearing on Tuesday, May 1, 2007, at 3:00 p.m., in Beckley. (Doc. No. 60.)

36. Following the entry of the Order on April 23, 2007, Mr. Morgan contacted the office of the undersigned and advised that he was then involved in litigation with his former law firm. He indicated that the sanctions imposed in this case were an issue in the litigation with his former law firm. He asked that payment of the sanctions be stayed pending resolution of the litigation with his former law firm. Mr. Morgan indicated however, that if the Court preferred that he pay the sanctions now, he would do so. The undersigned, through staff, advised Mr. Morgan that it would not stay the

8

payment and requested that he pay the sanction immediately.

37. By Order entered on April 30, 2007, the Court ordered Mr. Morgan to pay to counsel for Defendant the sum of $1,075.00 by May 14, 2007. (Doc. No. 61.)

38. Mr. Morgan did not pay the sum of $1,075.00 to Ms. Harkins, and therefore, she filed on August 16, 2007, her instant Motion to Show Cause for Contempt Against Dennie S. Morgan, Jr., Former Counsel for Plaintiff, and For Award of Damages, together with an Affidavit of Ms. Harkins and pertinent exhibits. (Doc. No. 62.) Mr. Morgan has not responded to the Motion.

## CONCLUSIONS OF LAW

1. To establish civil contempt, each of the following elements must be shown by clear and convincing evidence:

(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;

(2) a showing that the decree was in the movant's "favor";

(3) a showing that the alleged contemnor, by its conduct, violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and

(4) a showing that the movant suffered harm as a result.

See Colonial Williamsburg Foundation v. Kittinger Co., 792 F.Supp. 1397, 1405-06 (E.D. Va. May 20, 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994); see also, Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000).

2. "Civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous." In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995) (quoting Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir. 1991).

3. The movant is not required to demonstrate the alleged contemnor's willfulness as an element of civil contempt. See In re General Motors,  61 F.3d at 258.

4. Upon a finding of contempt, the District Court retains broad discretion in fashioning a remedy. See In re General Motors, 61 F.3d at 259. The Court may impose sanctions "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." Id. at 259 (*quoting*, Connolly v. J.T. Ventures, 851 F.2d 930, 932 (7th Cir. 1988)). "Generally, a compensatory sanction 'may not exceed the actual loss to the complainant caused by the actions of respondent, lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.' " Id. *(quoting*, In re Tetracycline Cases, 927 F.2d 411, 413 (8th Cir. 1991).

5. The Court may also award attorneys' fees as an element of damages for civil contempt. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141, 154 (1975); Folk v. Wallace Bus. Forms, Inc., 394 F.2d 240, 244 (4th Cir. 1968). An award of attorneys' fees, however, requires the Court to find that the contemnor acted with "willful disobedience." See Alyeska Pipeline Service Co., 421 U.S. at 258, 95 S.Ct. at 1622; Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475, 479 (1967); Omega World Travel, Inc. v. Omega Travel and Shipping Agencies, Inc. 905 F.2d 1530, 1990 WL 74305 (4th Cir. (Va.) May 10, 1990) (per curiam) (unpublished). The contemnor's refusal to comply with a Court Order must rise to the level of obstinance or recalcitrance to satisfy the Aleyska willful disobedience standard. See Omega, 1990 WL 74305 at *4; Wright v. Jackson, 522 F.2d 955, 958 (4th Cir. 1975).

6. Any remedy or sanction imposed must be remedial and compensatory in nature, not

punitive. <u>See</u> <u>In Re General Motors Corp.</u>, 61 F.3d at 259.

7. Based on the evidence of record, the undersigned finds that Defendant has satisfied the four elements necessary for a finding of civil contempt. Regarding the first element, the Court's Orders entered on October 5, 2006 (Doc. No. 59.) and April 30, 2007 (Doc. No. 61.) are valid decrees which accorded Mr. Morgan actual knowledge by no later than their dates of entry, that payment was to be made to counsel for Defendant by October 19, 2006, and May 14, 2007, respectively.

8. Regarding the second element, it is apparent on the face of the Orders that the decrees were in the favor of Defendant, who was awarded the sanction owing and payable by Mr. Morgan.

9. With regard to the third element, the evidence demonstrates that Mr. Morgan has not paid the imposed sanctions of $1,075.00, as he was ordered to pay. Mr. Morgan's receipt of the Court's Orders and Ms. Harkins' letter, as well as Mr. Morgan's contact with the office of the undersigned, demonstrates his actual knowledge of his violations of the Court's October 5, 2006, and April 30, 2007, Orders. Ms. Harkins asserts that she has incurred the following attorney's fees and expenses in attempting to secure its payment of the Court imposed sanctions:

> my preparation for and attendance at that hearing, my preparation of subsequent correspondence to the Court, my communications with the Court, my obtaining and reviewing the Court's Orders, my preparation and filing of the Notice of Motion to Show Cause, and my serving Mr. Morgan with related documents.

Ms. Harkins attaches a Third Itemized Statement of Expenses and Fees to her Motion for Order to Show Cause, which indicates that she has incurred an additional 6.7 hours of time in attempting to secure payment from Mr. Morgan. (Doc. No. 62, Exhibit 3.) At an hourly rate of $125.00, Ms. Harkins incurred a total of $842.14, inclusive of a cost of $4.64 arising from certified mail. (<u>Id.</u> at 2.)

10. Finally, regarding the fourth element, the undersigned finds that Defendant's failure to receive payment, together with Defendant's counsel's additional time and expense incurred in collecting payment, demonstrates that the movant has suffered harm from Mr. Morgan's violations of the Court's Orders.

11. Based on the foregoing reasons, the undersigned finds that Defendant has demonstrated that Mr. Morgan is in contempt of the October 5, 2006, and April 30, 2007, Orders respectively, and is entitled to relief. The undersigned therefore recommends that the District Judge find Dennie S. Morgan, Jr., Esquire, in contempt and order appropriate relief.

12. In determining whether attorney fees are an appropriate sanction against Mr. Morgan, the undersigned finds that Mr. Morgan has acted with willful disobedience to the Court's October 5, 2006, and April 30, 2007, Orders. Mr. Morgan has been advised on several occasions by means of oral hearings, Court Orders, and telephone conversations with the staff of the undersigned, that payment was expected from him by certain dates, yet he refused to comply with the Court's directions. The Court accorded Mr. Morgan the opportunity to make payment arrangements with Ms. Harkins in the hopes that he would make payments over a period of time. However, Mr. Morgan never contacted Ms. Harkins and failed to respond to her correspondence and formal motions. Moreover, the staff of the undersigned specifically advised Mr. Morgan that the Court would not stay payment of the sanctions pending resolution of litigation with his prior law firm and Mr. Morgan responded that payment would be made to Ms. Harkins. The staff of the undersigned received a telephone call from Ms. Harkins earlier this month and she indicated that payment had not been received from Mr. Morgan. Accordingly, the undersigned finds that Mr. Morgan's refusal to comply with the Court's Orders rises to the level of obstinance and recalcitrance and satisfies the

"willful disobedience" standard set forth in <u>Aleyska</u>.[1]

13. In reviewing the Third Itemized Statement submitted by Ms. Harkins, the undersigned recommends that Defendant be awarded costs and fees in the amount of $842.14, which the undersigned finds reasonable and appropriate.

## <u>RECOMMENDATION</u>

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** the Defendant's Motion to Show Cause for Contempt Against Dennie S. Morgan, Jr. (Doc. No. 62.); **FIND** Dennie S. Morgan, Jr., to be in contempt of the Court's Orders of October 5, 2006, and April 30, 2007; and **AWARD** Defendant its reasonable attorney's fees and costs in the amount of $842.14.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

---

[1] Given Mr. Morgan's failure to respond to various Motions and correspondence, and the considerable time that has passed since he was first ordered to pay the sanctions, the undersigned finds no need in holding a hearing to allow Mr. Morgan an opportunity to respond to Defendant's instant Motion. The undersigned advised Mr. Morgan by Order entered April 30, 2007, that if he failed to make payment to Defendant by May 14, 2007, the Court would "entertain a Motion by Defendant for a finding of contempt." (Doc. No. 61.) Defendant therefore, was given notice that the Court would find him in contempt if he did not pay the sanctions by May 14, 2007.

13

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to Dennie S. Morgan, Jr., Post Office Box 7, Prosperity, West Virginia 25909 and counsel of record.

Date: February 29, 2008.

R. Clarke VanDervort
United States Magistrate Judge